# THE STATE v. WILLIAM DAVID JONES, Appellant.

### Division Two, December 23, 1918.

1. **INSTRUCTIONS: Refusal of Defendant's.** It is not error to refuse instructions asked by defendant containing no statement of the pertinent facts, if those given cover the principles of law applicable to such facts and embody a correct statement of same.

2. **OCCURRENCES AT TRIAL: Preserved for Review: Motion for New Trial.** Matters occurring during a trial in order to be reviewed on appeal, must be incorporated in a bill of exceptions. It is not sufficient to set them out for the first time in a motion for a new trial.

3. ———: **Attempt to Shoot Defendant: No Motion to Discharge Jury: Not Incorporated in Bill of Exceptions.** Immediately after the close of the argument for the defendant, charged with murder in the first degree, the wife of the deceased arose from her seat and drawing a pistol shot at and wounded the defendant. The court ordered a recess and directed the jury to be taken to their room, and when the excitement subsided the trial proceeded, resulting in a verdict of guilty of murder in the second degree. No objection to the course thus pursued was then made, nor was a motion filed to discharge the jury and order a new trial, but defendant participated in the trial to its close. This occurrence is preserved for review only in the motion for a new trial. *Held*, the act belongs to that class of occurrences designated as the "conduct of spectators," and it is not excepted from the rule that all matters occurring during the progress of a trial, to be entitled to a review on appeal, must be preserved in a bill of exceptions.

Appeal from Jackson Criminal Court.—*Hon. Ralph S. Latshaw*, Judge.

AFFIRMED.

P. D. *Clear* for appellant.

Frank W. *McAllister*, Attorney-General, and *George V. Berry*, Special Assistant Attorney-General.

(1) There was no error in refusal of new trial. No point was saved in regard to the shooting in the

court room.  State v. Gartrell, 171 Mo. 513; State v.
Reeves, 195 S. W. 1031; State v. Douglas, 258 Mo.
299.  (2) Instructions offered by appellant were prop-
erly refused.  They were already covered by instruc-
tions given.  State v. Lewis, 264 Mo. 432; State v.
Walker, 232 Mo. 264; State v. Wooley, 215 Mo. 680;
State v. Sassman, 214 Mo. 730; State v. Atchley, 186
Mo. 195.

WALKER, P. J.—The appellant was charged by
information in the criminal court of Jackson County,
with murder in the first degree, with having shot and
killed one Arthur Dorsett, a police officer, August 6,
1917.  Upon a trial, he was found guilty of murder in
the second degree, and sentenced to fifty years' im-
prisonment in the penitentiary, from which judgment
he appeals.

Several police officers, of which the deceased was
one, went to where the appellant, a negro, was boarding,
in Kansas City, to get a dog, which it was claimed ap-
pellant was improperly refusing to surrender to the
owner.  When the officers entered the house where the
appellant resided and demanded the surrender to them
of the dog, or that appellant accompany them to the
police station, he ostensibly expressed a willingness
to comply with their request by saying: "Wait until
I go into the adjoining room and get my coat and hat."
He returned at once from the room with a pistol in
his hand, and fired at the officers.  After shooting
Officer Dorsett twice, he shot the other officer, Clif-
ford, and made his escape.  The death of Dorsett re-
sulted from the gunshot wounds inflicted by appellant.
Soon thereafter, appellant was apprehended in Kansas
City, Kansas, and was brought back for trial.  His
testimony is to the effect that the officers, upon entering
the house, began firing at him, and that he shot only
in self-defense; that he did not know at the time that
they were officers; nor did he understand the purpose

for which they demanded that he accompany them to the station.

No brief has been filed on behalf of the appellant. Examining the record, as we are required to do, and reviewing the errors sought to be preserved in the motion for a new trial, we find nothing of such a prejudicial nature as to warrant a reversal. More particularly stated, the information contains all the essential allegations necessary to charge murder in the first degree; no material error was committed in the admission or exclusion of testimony; the instructions given by the court correctly presented every phase of the case authorized by the testimony; the refusal of the court to grant two instructions requested by appellant was not error, in that they had been fully covered by instructions given embodying a correct statement of the facts, which appellant's instructions did not present; nor was the appellant, for a like reason, entitled to the instructions set forth in his motion for a new trial, and which it is insisted the court should have given on its own motion. [State v. Shellman, 192 S. W. (Mo.) l. c. 437.]

An unusual incident occurred, which appellant contends in his motion for a new trial should work a reversal. Immediately after the close of the argument to the jury of the counsel for appellant, the widow of the deceased officer, Dorsett, arose in her seat, and drawing a pistol which she had theretofore concealed, shot at the appellant, inflicting a slight flesh wound. The court ordered a recess and directed that the jury be taken to their room. When the excitement subsided, the jury was recalled, and the trial completed. Counsel for appellant interposed no objection to the course thus pursued, but proceeded to participate in the trial until its close. Other than to state the facts of this occurrence in the motion for a new trial, in which it is insisted that it was the duty of the court to discharge the jury and order a new trial, no effort was made to preserve and present this matter for review. We have so

frequently said that matters occurring during the progress of a trial should, to entitle them to our consideration, be incorporated in the bill of exceptions, that a repetition of this requirement seems to be an act of supererogation. The act of the woman belongs to that class of occurrences designated as the "conduct of spectators." There is nothing to distinguish it from any other act belonging to this class, nor to except it from the requirements of the rule we have stated. An attempt to preserve it by setting it up for the first time in a motion for a new trial, will not suffice. In this regard, therefore, there is nothing for us to review. [State v. Reeves, 195 S. W. (Mo.) l. c. 1031; State v. Gartrell, 171 Mo. 512; State v. Dusenberry, 112 Mo. 277.]

Finding no error authorizing a reversal, the judgment should be affirmed, and it is ordered. All concur.